I agree with the majority's holding that the trial court was not plainly and palpably wrong in determining that the monthly payments made to the wife from the husband's military retirement pay should be considered a property settlement that is not subject to modification. I would limit such a holding, however, to the facts of this case, in which the retirement pay from which those monthly payments are made is not provided in a lump sum payment, but is instead made in monthly payments.
As a practical matter, the only way to ensure that the wife receives a percentage of the husband's retirement pay as a property settlement is to award her a set portion of the husband's monthly retirement pay. Granted, the total payment that will be made to the wife cannot be named as a certain amount, but by the same token, neither can the total amount of retirement pay that will be paid to the husband.
Because retirement pay is unique in terms of how it can be distributed between the parties to a divorce, I believe that the intent of the parties is crucial to a determination of whether payments made from the retirement pay is meant to be periodic alimony or alimony in gross. I agree with the majority's holding that we cannot say that the trial court erred in its determination that the payment is in the nature of a property settlement.